■ In the Matter of JACQUELINE TENORE, Respondent, v HERBERT J. FEUER et al., Constituting the Board of Elections of the City of New York, et al., Appellants.—Order entered in the Supreme Court, Bronx County, on June 17, 1975, modified, on the law and on the facts, so as to vacate the stay restraining the Board of Elections and the Bronx County Board of Canvassers from issuing a certificate of election to any participant in New York City Community School Board, District No. 8, except as to respondents Edith A. Sullivan and Saundra Taylor. This proceeding attacks only the election of respondents Sullivan and Taylor. The stay as to the other respondents was improvidently granted and is, therefore, vacated. The order is further modified to grant the petition to examine the ballots only to the extent of directing a hearing to determine the extent to which petitioner should be permitted to examine the ballots and to what extent a recanvass should be directed. Special Term's preliminary finding that petitioner was deprived of a full opportunity of inspection upon the original canvass of the ballots to determine if certain defects exist, etc., is not factually supported by the allegations of the petition. On the contrary, she states that she or her agent, in accordance with the requirements of section 2590-c (subd 6, par [33]) of the Education Law, was present as an observer of the canvass process. She does allege that void and irregular ballots were credited to respondents Sullivan and Taylor, including a substantial number of write-in votes which were improperly credited to respondent Taylor. Petitioner seeks to examine the claimed defective ballots to determine whether or not to seek a recanvass pursuant to subdivision 4 of section 330 of the Election Law. Petitioner should be given the opportunity to show any substantial irregularities observed during the voting and canvassing and in the result. But a general examination and recanvass should not be ordered on unsupported allegations of irregularities, albeit some upon information and belief. "Unless there is some substantial attack on the integrity of the contemporaneous tallies and returns of the inspectors of election whose duty it is to examine and count the ballots, they should be accepted by the court." (Matter of Rice v Power, 19 NY2d 474, 483.) Concur—Kupferman, Lupiano and Nunez, JJ.; Stevens, P. J., and Tilzer, J., dissent in a memorandum as follows: Stevens, P. J., and Tilzer, J., dissent and would modify the order appealed from to the extent of vacating the stay as to all candidates except Sullivan and

Taylor, and would otherwise affirm. There is no showing as matter of law that the court abused its discretionary powers.